**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-1879**

SOUTHERN APPALACHIAN COAL COMPANY,

Plaintiff - Petitioner,

v.

ARVIL F. HENDRICKS; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF
LABOR,

Defendants - Respondents.

On Petition for Review of an Order of the Benefits Review Board.  (21-0475 BLA)

Argued:  September 24, 2024                        Decided:  February 25, 2025

Before DIAZ, Chief Judge, WILKINSON and BERNER, Circuit Judges.

Affirmed by unpublished opinion.  Judge Berner wrote the opinion, in which Chief Judge
Diaz and Judge Wilkinson joined.

Mark Joseph Grigoraci, ROBINSON & MCELWEE, PLLC, Charleston, West Virginia,
for Petitioner.  Brad Anthony Austin, WOLFE WILLIAMS & REYNOLDS, Norton,
Virginia, for Respondents.

Unpublished opinions are not binding precedent in this circuit.

BERNER, Circuit Judge:

Arvil Hendricks is a former coal miner. Years after his last coal mining job, Hendricks began experiencing severe pulmonary difficulties and submitted a claim for benefits under the Black Lung Benefits Act. Upon initial review, a Department of Labor claims examiner found Hendricks entitled to benefits and concluded that the Southern Appalachian Coal Company, Hendricks's most recent employer, was responsible for payment. The employer contested Hendricks's entitlement to benefits, and the case came before an administrative law judge. The administrative law judge reviewed the evidence submitted by the parties, including expert physician reports, and found Hendricks entitled to benefits. The Benefits Review Board unanimously affirmed. The Southern Appalachian Coal Company appeals that ruling.

The Southern Appalachian Coal Company urges us to reverse the Benefits Review Board for three reasons. The employer argues that: first, the conclusions of the administrative law judge were not supported by substantial evidence; second, the administrative law judge erred in failing to consider a supplemental report prepared by one of the employer's expert physicians; and third, the administrative law judge erred by implicitly applying the so-called fifteen-year presumption. We disagree and affirm.

## I. Background

Hendricks worked as a coal miner for at least eight years until 1983 when he fell from a ladder inside of a mine owned by his then-employer the Southern Appalachian Coal

2

Company (Appalachian Coal). As a result of the injuries he sustained in the fall, Hendricks has been unable to work ever since.

More than three decades after leaving the mines, Hendricks began experiencing severe pulmonary difficulties. He has trouble engaging in routine physical activities and uses an oxygen machine at night while he sleeps. Hendricks's physician told him he was likely suffering from pneumoconiosis resulting from inhalation of coal dust during his years working in the mines. Pneumoconiosis, also known as "black lung disease," is a medical condition that has long plagued coal miners.

In addition to his pulmonary difficulties, Hendricks has several other serious medical conditions. He is obese, and suffers from hypertension, heart disease, and arthritis. He has skeletal deformities which may have been caused by fractured ribs. Hendricks was also a smoker. Although there is some dispute as to how much he smoked and for how long, the parties agree that Hendricks stopped smoking approximately thirty years ago.

In 2018, Hendricks applied for benefits under the Black Lung Benefits Act. Upon initial review, a claims examiner from the United States Department of Labor (DOL) concluded that Hendricks was entitled to monthly payments of $1,004 from Appalachian Coal. Appalachian Coal contested this determination, and the matter came before an administrative law judge (ALJ).

The ALJ held a hearing and considered arguments, medical evidence, and testimony submitted by the parties. The medical evidence included reports prepared by physicians with expertise in diagnosing pneumoconiosis. The physician experts included: Drs. David M. Rosenberg and Mohammad I. Ranavaya, retained by Appalachian Coal; Dr. Vishal Raj,

3

retained by the DOL; and Drs. Elie Nader and Griwan Lal Rajbhandari, retained by Hendricks.

After examining Hendricks and the results of various medical tests he underwent, three expert physicians, Drs. Raj, Nader, and Rajbhandari, diagnosed Hendricks with "legal pneumoconiosis." Legal pneumoconiosis is a medical condition defined by federal regulation. It includes "any chronic lung disease or impairment and its sequelae arising out of coal mine employment. This definition includes, but is not limited to, any chronic restrictive or obstructive pulmonary disease arising out of coal mine employment." 20 C.F.R. § 718.201.[1] Notably, the definition of legal pneumoconiosis includes within it a finding that the medical condition arose "out of coal mine employment."

Drs. Ranavaya and Rosenberg disagreed with this finding. They both concluded that Hendricks did not suffer from legal pneumoconiosis. Rather, Dr. Ranavaya attributed Hendricks's pulmonary difficulties to his history of smoking, obesity, and skeletal deformities, and Dr. Rosenberg concluded that Hendricks's pulmonary difficulties likely resulted from skeletal deformities alone. Both experts opined that Hendricks's pulmonary difficulties had not been caused by exposure to coal dust.

After submitting his initial report, Dr. Rosenberg reviewed the other expert physicians' medical reports and prepared a supplemental report which was also submitted

---

[1] In addition to legal pneumoconiosis, "clinical pneumoconiosis" is another medical condition defined by federal regulation. It is defined as "those diseases recognized by the medical community as pneumoconioses . . . including but not limited to coal workers pneumoconiosis, anthracosilicosis, [and] anthracosis." 20 C.F.R. § 718.201. Only legal pneumoconiosis is relevant to this appeal.

to the ALJ. Dr. Rosenberg's supplemental report summarized and responded to the other experts' findings and reiterated his prior conclusion that Hendricks did not suffer from legal pneumoconiosis. Once again, Dr. Rosenberg opined that Hendricks's pulmonary difficulties had resulted from his skeletal deformities, but Dr. Rosenberg added that the difficulties could also be attributed to obesity and heart disease.

After reviewing the evidence and holding a hearing, the ALJ concluded that Hendricks suffers from legal pneumoconiosis, that he is totally disabled, and that his legal pneumoconiosis was a substantially contributing cause of his total disability. The ALJ considered each of the expert physicians' opinions but gave greater weight to the opinions of Drs. Raj, Nader, and Rajbhandari than those of Drs. Ranavaya and Rosenberg. Consequently, the ALJ determined that Hendricks is entitled to black lung benefits from Appalachian Coal.

Appalachian Coal appealed the order of the ALJ to the Benefits Review Board (BRB). Before the BRB, Appalachian Coal argued the ALJ erred in finding that Hendricks has legal pneumoconiosis, that the pneumoconiosis arose out of Hendricks's coal mine employment, and that Hendricks is totally disabled. Further, Appalachian Coal argued that the ALJ erred by failing to consider Dr. Rosenberg's supplemental report, and improperly applied the so-called fifteen-year presumption.

The BRB rejected each of Appalachian Coal's arguments, unanimously affirming the ALJ's order. The BRB held that the ALJ's factual findings were supported by substantial evidence. The BRB declined to reach the question of whether the ALJ erred in failing to consider the Rosenberg supplemental report. Instead, the BRB concluded that,

5

even if the ALJ erred, such error was harmless. Finally, the BRB found that the ALJ had not applied the fifteen-year presumption. Appalachian Coal appeals the BRB's ruling.

## II. Jurisdiction and Standard of Review

Final orders of the BRB may be appealed to the United States Court of Appeals for the circuit in which the injury is alleged to have occurred. 33 U.S.C. § 921(c). Because Hendricks alleges his injury occurred in West Virginia, we have jurisdiction. In reviewing decisions of the BRB, we evaluate the BRB and ALJ's legal conclusions *de novo* and defer to an ALJ's factual findings if supported by substantial evidence. *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 252 (4th Cir. 2016). When faced with conflicting medical opinions, we apply the deferential substantial evidence standard of review. *Id.* It is not our role to "reweigh contradictory medical evidence." *Id.*

## III. Analysis

To be eligible for benefits under the Black Lung Benefits Act, a miner must satisfy four elements. The miner must show: first, that they suffer from pneumoconiosis, either legal or clinical; second, that their pneumoconiosis arose out of their coal mining employment; third, that they are totally disabled by a pulmonary or respiratory impairment; and fourth, that that their pneumoconiosis is a substantially contributing cause of their disability. *Island Creek Coal Co. v. Blankenship*, 123 F.4th 684, 688 (4th Cir. 2024) (quoting *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 529 (4th Cir. 1998)). The burden of

6

proof is on the miner to prove each element by a preponderance of the evidence. *Sea "B"*

*Mining Co.*, 831 F.3d at 248.

In determining whether a miner has met their burden to prove that they have legal

pneumoconiosis, an ALJ may consider medical evidence including x-rays, autopsies, and

biopsies, as well as reasoned medical opinions. 20 C.F.R. § 718.202(a). Here, the ALJ

relied largely on medical opinion evidence.

### A.      The ALJ's Pneumoconiosis Finding

Appalachian Coal argues that the ALJ's findings in favor of Hendricks on three of

the four elements were not supported by substantial evidence. Appalachian Coal challenges

the findings: that Hendricks has legal pneumoconiosis (the first element); that there is a

causal relationship between Hendricks's pneumoconiosis and his mining employment (the

second element); and, that there is a causal relationship between Hendricks's disability and

his mining employment (the fourth element). Appalachian Coal does not challenge the

ALJ's finding with respect to the third element, the finding that Hendricks is totally

disabled.

### 1.      Legal Pneumoconiosis and Causation

As a threshold matter, because the ALJ determined that Hendricks suffers from *legal*

pneumoconiosis, rather than *clinical* pneumoconiosis, the first two elements of the four

necessarily collapse into one. This is because a finding of legal pneumoconiosis

definitionally also includes a finding that the ailment arose out of coal mine employment.

*Am. Energy, LLC v. Dir., Off. of Workers' Comp. Programs*, 106 F.4th 319, 325 (4th Cir.

2024). Evaluating causation after reaching a finding of legal pneumoconiosis would, therefore, be redundant. *Id.*

Appalachian Coal argues that the ALJ's conclusion that Hendricks suffers from legal pneumoconiosis was not supported by substantial evidence. The ALJ considered all five of the medical opinions submitted, each of the expert's credentials, the medical evidence upon which they relied, and their conclusions. The ALJ explained his reasoning for giving each medical opinion more or less weight. The ALJ properly evaluated the contradictory medical opinions in a manner consistent with this court's precedent. We conclude, therefore, that the ALJ's factual determination that Hendricks suffers from legal pneumoconiosis was supported by substantial evidence.

### 2.      Causal Relationship

Appalachian Coal similarly contends that the ALJ's finding that Hendricks's pneumoconiosis substantially contributed to his total disability was not supported by substantial evidence. The ALJ's finding that Hendricks suffers from legal pneumoconiosis dovetails in large part with the finding regarding the cause of Hendricks's disability. The expert physicians who concluded that Hendricks did not suffer from legal pneumoconiosis did not delve deeply into the question of what *caused* Hendricks's disability. Thus, their reports were less helpful on this point.

Regardless, as with his analysis of the first element, the ALJ reviewed the evidence presented regarding the cause of Hendricks's disability and explained in sufficient detail why he found Drs. Rajbhandari, Nader, and Raj's conclusions that Hendricks's disability

8

was caused by legal pneumoconiosis persuasive. The ALJ's conclusions regarding this fourth element were supported by substantial evidence.

## B. Dr. Rosenberg's Supplemental Report

Next, Appalachian Coal argues that the ALJ erred by failing to consider all the relevant evidence. Specifically, Appalachian Coal argues that the ALJ failed to consider the supplemental report submitted by its expert Dr. Rosenberg. Appalachian Coal contends that failure to consider this report was not harmless and that it necessitates reversal.

Administrative law judges hearing black lung benefits cases are required to consider all relevant evidence submitted. 30 U.S.C. § 923(b); *see, e.g.*, *Island Creek Coal Co. v. Compton*, 211 F.3d 203, 210–11 (4th Cir. 2000); *Sea "B" Mining Co*, 831 F.3d at 251–53. Failure to consider all the evidence does not necessarily require reversal, however. *Sea "B" Mining Co*, 831 F.3d at 254. Where an ALJ failed to consider relevant evidence, we must then determine whether the error was harmless. *Id.* at 253–54. An error is harmless if the excluded evidence was "merely cumulative." *Id.* at 254.

The ALJ began his decision and order by making clear that he had "reviewed and considered the *entire record*, including *all exhibits* admitted into evidence." J.A. 339 (emphasis added). Further, footnote 1 of the decision and order lists as one of the exhibits admitted into evidence Employer's Exhibit 5, Dr. Rosenberg's supplemental report. Although Appalachian Coal correctly notes that the ALJ does not specifically discuss the supplemental report in his analysis, we take the ALJ at his word that Dr. Rosenberg's report was among the evidence considered.

9

Upon careful review of the contents of Dr. Rosenberg's supplemental report, however, we agree with the BRB that, even if the ALJ did err in failing to review the report, such error was harmless. Dr. Rosenberg did not reexamine Hendricks prior to issuing his supplemental report. Thus, the report was not based upon new medical information. To the contrary, the supplemental report largely repeated the findings contained in Dr. Rosenberg's first report and summarized the evaluations and conclusions submitted by the other expert physicians. Significantly, the ALJ afforded Dr. Rosenberg's initial report less weight because Dr. Rosenberg failed to explain a causal link between Hendricks's skeletal deformities and his pulmonary illness. J.A. 356. Dr. Rosenberg's supplemental report suffers from the same deficiency. Because the supplemental report was largely cumulative and because it failed to address the primary concern articulated by the ALJ regarding Dr. Rosenberg's initial report, the ALJ is unlikely to have credited the supplemental report.

## C. Fifteen-Year Presumption

Finally, Appalachian Coal argues that the ALJ erred by implicitly applying the fifteen-year presumption to Hendricks's case. If a miner worked for at least fifteen years in coal mines and they suffer from a totally disabling respiratory or pulmonary impairment, then their disability is *presumed* to have been caused by pneumoconiosis. 30 U.S.C. § 921(c)(4); 20 C.F.R. § 718.305. This presumption, thus, shifts the burden of proof on the fourth element from the miner to the employer to prove that the miner's disability was *not* caused by pneumoconiosis. *W. Va. CWP Fund v. Dir., Off. of Workers' Comp. Programs*, 880 F.3d 691, 695 (4th Cir. 2018).

10

The parties agree that the fifteen-year presumption should not be applied here. The DOL claims examiner, the ALJ, and the BRB all agreed that the presumption is not appropriate because Hendricks worked in the mines fewer than fifteen years. Despite the ALJ's statement that he did not apply the presumption, Appalachian Coal contends the ALJ's analysis was "tantamount to imposing the [rebuttable] burden of the fifteen-year presumption." Petitioner Opening Br. at 16. Appalachian Coal maintains that the ALJ improperly required its expert physicians to rule out coal dust as a causal factor of Hendricks's impairment, rather than requiring Hendricks to prove that it was the cause. We disagree. The ALJ imposed no such requirement.

The ALJ properly applied the correct legal standard and emphasized throughout his decision and order that Hendricks bore the burden of proving his eligibility for benefits. After reviewing the evidence and evaluating the expert medical reports, the ALJ concluded that Hendricks "*met his burden* to establish that he has legal pneumoconiosis and he is totally disabled due to the disease." J.A. 359 (emphasis added). The ALJ properly placed the burden of proof on Hendricks to prove by a preponderance of the evidence each element of the four-element test, including the final element, proving that his total disability was caused by his legal pneumoconiosis.

## IV. Conclusion

The ALJ's findings were supported by substantial evidence. The ALJ considered Dr. Rosenberg's supplemental report, and even if he failed to consider the report, such error

11

was harmless. Finally, the administrative law judge did not—implicitly or explicitly—apply the fifteen-year presumption.

Accordingly, the order of the BRB is

*AFFIRMED.*